UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROLYN DEE KING, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1703 (VLB) |
| M. JODI RELL, Governor, | : | |
| State of Connecticut, et al., | : | |
|     Defendants. | : | March 24, 2008 |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MAGGIE EWALD'S MOTION TO DISMISS [Doc. #38]

Pending before the court is Maggie Ewald's motion to dismiss all claims against her. The plaintiff, Carolyn Dee King, brings this case against the moving defendant, Maggie Ewald, former acting Long-Term Care Ombudsperson for the Connecticut Department of Social Services, in her individual capacity, among others, for violation of section 504 the Rehabilitation Act, 29 U.S.C. § 794, infringing First Amendment rights pursuant to 42 U.S.C. § 1983, and intentional and negligent infliction of emotional distress. Ewald moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons hereinafter set forth, the motion to dismiss is GRANTED in part and DENIED in part.

### I. Facts

The following facts alleged in the complaint are taken as true for purposes of this motion. King is the daughter of Daniel Gross, the now deceased original

1

plaintiff in this action, and proceeds as administratrix of Gross's estate. Gross was a citizen of New York. On June 28, 2005, Gross, eighty six years old at the time, traveled to King's home in Waterbury, Connecticut, for a brief convalescence following a leg infection. On August 8, 2005, Gross was admitted to Waterbury Hospital to treat lingering problems with his leg. On August 17, 2005, a hospital employee filed an application for appointment of a conservator for Gross with the Waterbury Probate Court ("Probate Court"). On August 25, 2005, the Probate Court, appointed an attorney for Gross and scheduled a hearing for September 1, 2005. Following the hearing, the Probate Court declared Gross incompetent to handle his affairs by way of dementia and appointed him a conservator.

Between September 1, 2005, and June 27, 2006, the conservator had Gross confined to a nursing home. Gross consistently asserted that he did not have dementia, did not require a conservator and did not wish to remain in a nursing home. The nursing home restricted Gross's access to visitors and used an unnecessary level of restraint while he was in its care.

Ewald's office received repeated complaints about the level of care provided by the nursing home. In May 2006, Ewald's office received written complaints from Gross's son and an attorney claiming that the nursing home interfered with their communications with Gross. Ewald's office conducted an independent investigation and found that Gross was receiving substandard care and that his rights were being deprived. In June 2006, a reporter from the

2

*Hartford Courant* contacted Ewald's office regarding Mr. Gross's situation. Following the reporter's inquiry, Ewald's office terminated its investigation.

On June 9, 2006, Gross filed a writ of <u>habeas corpus</u> in Waterbury Superior Court. On July 12, 2006, the Superior Court (*Gormley, J*) found that the Probate Court improperly asserted jurisdiction over Gross and declared the conservatorship null and void. Gross was released from the nursing home and returned to New York.

On October 26, 2006, Gross initiated this lawsuit against Ewald and others. [Doc. #1] On January 30, 2007, Gross amended his complaint, alleging that: 1) Ewald's failure to act on Gross's behalf upon receiving complaints violated section 504 of the Rehabilitation Act; 2) Ewald's termination of her investigation following inquiries by Gross's son, attorney and a reporter was in retaliation for their exercise of freedom of speech in violation of the First Amendment; and 3) Ewald's conduct amounts to an intentional infliction of emotional distress and a negligent infliction of emotional distress. [Doc. #29]

Ewald filed the current motion to dismiss on March 28, 2007. [Doc. #50] Gross died on November 6, 2007, after this motion was fully briefed. [Doc. #96] On January 18, 2008, King was appointed administratrix of Gross's estate. [Doc. #96] On February 27, 2008, King substituted for Gross as the plaintiff in this case. [Doc. #97]

## II. Standard

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual

allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotation omitted). The pleading shall not be dismissed merely because recovery seems remote or unlikely. Bernheim, 79 F.3d at 321.

In deciding a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

### III.  Failure to State a Claim

#### A.  Rehabilitation Act

Gross brings all claims against Ewald in her individual capacity, not in her official capacity. A state official cannot be sued in her individual capacity for violating section 504 of the Rehabilitation Act. Garcia v. State Univ. of N.Y. Health Scis. Ctr., 280 F.3d 98, 107 (2d Cir. 2001). In opposition to this motion, Gross contends that he intended to sue Ewald in her official capacity. At a December 20, 2006, conference with the court and all parties, the court ordered the parties

4

to meet and discuss the claims in the original complaint. [Doc. #17] At a February 5, 2007, court conference, counsel for Ewald certified that she had provided case law to counsel for Gross explaining Ewald's position regarding the Rehabilitation Act claim prior to the filing of the amended complaint. [Doc. #41] Gross has not, however, attempted to amend the complaint or stated any intention to amend the complaint. He had ample time to remedy any deficiencies in either of the complaints but has failed to do so. It would be prejudicial to Ewald to allow a further amendment at this time only to avoid dismissal of this claim, noting that neither Gross nor King has requested leave to amend. This claim must be dismissed.

## B. First Amendment

Gross claims that Ewald retaliated against him for the complaints filed by a reporter, his son and an attorney, and that such a retaliation is an infringement of the First Amendment's guarantee of freedom of speech. Gross does not claim that he exercised his right to freedom of speech.

Gross cannot assert a First Amendment claim based on the speech of another. Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992). Gross's only opposition to the motion to dismiss this claim is that he could not assert his free speech rights due to his detainment in the nursing home. The court need not address the legal implications of this argument. The complaint states clearly that Gross had visitation rights outside of the nursing home, including an unsupervised visit to New York. There are no

5

allegations that he was detained in such an extreme manner that he could not have contacted Ewald's office had he so desired or intended. This claim must be dismissed.

### C. Intentional Infliction of Emotional Distress

Gross claims that Ewald's failure to remedy any deficiencies in care found during the investigation and the decision to terminate the investigation to avoid public scrutiny constitutes an intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, Gross must plead facts alleging: "1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253 (Conn. 1986).

Ewald's motion seeks dismissal of the claim because her conduct was not extreme and outrageous in light of the information obtained through the investigation. At this time there is no evidence on the record regarding the content or form of Ewald's investigation. The court is confined to the allegations in the complaint. The court cannot find that King can prove no set of facts consistent with the allegations that Ewald terminated the investigation following an inquiry from the press, and, as a result, forewent any remedial action, that constitute extreme and outrageous behavior. King will have the opportunity to

6

bolster this claim through discovery.

### D. Negligent Infliction of Emotional Distress

Ewald seeks to dismiss this claim as all claims based in negligence against state officials sued in their individual capacities are barred by Connecticut General Statutes § 4-165. That statutes reads: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment." Conn. Gen. Stat. § 4-165. The claim for negligent infliction of emotional distress is brought against Ewald in her individual capacity for actions taken in the discharge of her duty as Long-Term Care Ombudsperson and must be dismissed. See Miller v. Egan, 265 Conn. 301, 319 (Conn. 2003).

### IV. Conclusion

Based on the above reasons, Ewald's motion to dismiss is GRANTED in part and DENIED in part. Gross cannot assert claims for violation of section 504 of the Rehabilitation Act and negligent infliction of emotional distress against Ewald in her individual capacity. He also cannot assert a First Amendment claim based on another's speech. Gross has sufficiently pled a claim for intentional infliction of emotional distress, and the motion to dismiss is denied as to that claim only.

IT IS SO ORDERED.

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**

Dated at Hartford, Connecticut: March 24, 2008.