UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CAROLYN DEE KING,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1703 (VLB) |
| **M. JODI RELL, Governor,** | : | |
| State of Connecticut, et al., | : | |
| Defendants. | : | April 5, 2013 |

## ORDER GRANTING IN PART AND DENYING IN PART [DKT. #139] PLAINTIFF'S MOTION TO AMEND/CORRECT AMENDED COMPLAINT

The Court previously dismissed the Plaintiff's OBRA and Patient's Bill of Rights claims against Grove Manor on the basis that the Plaintiff had waived those claims by failing to respond to the motion to dismiss those claims which was affirmed by the Second Circuit. [Dkt.#114, p. 20]; [Dkt. #127, p.11]. In that same Order, the Court denied the motion to dismiss the Plaintiff's intentional and negligent infliction of emotional distress claims. [Dkt.#114, p. 21]. The Court then subsequently dismissed the Plaintiff's emotional distress claims without prejudice as those remaining claims did not meet the $75,000 threshold for diversity jurisdiction. [Dkt. #118]. On appeal, the Second Circuit expressly noted that the emotional distress claims were dismissed without prejudice but may be reasserted if quasi-judicial immunity does not apply to the claims as to Donovan, Newman, and Grove Manor. [Dkt. #127, p. 11 n.5]. The dismissal of the Plaintiff's statutory claims against Grove Manor Nursing Home was with prejudice as indicated by the fact that the Court did not give Plaintiff leave to replead those

claims. Therefore the Plaintiff may not amend the complaint now to reassert those statutory claims, which the Court previously found were abandoned and waived.

The Plaintiff may, however, amend the complaint to reassert the emotional distress claims which were expressly dismissed without prejudice and which the Second Circuit has already acknowledged would be appropriately reasserted where the civil rights claims against Donovan, Newman and Grove Manor are not barred by quasi-judicial immunity. Even though the Plaintiff has not reasserted any civil rights claims against Grove Manor in its proposed amended complaint, the Court may exercise supplemental jurisdiction over the Plaintiff's state law emotional distress claims against Grove Manor because those claims form part of the same case or controversy over which the Court has original jurisdiction in that there is a common nucleus of operative fact. See 16 Moore's Federal Practice–Civil § 106.66(1) (2012) (noting that under 28 U.S.C. § 1367(c)(3), "[i]f a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present"); *Rivera v. Incorporated Village of Farmingdale*, No. 06CV 2613 (DRH), 2011 WL 1260195, at *8n.6 (E.D.N.Y. Mar. 30, 2011). The Plaintiff is therefore directed to file an amended complaint which does not reassert the statutory claims which were prior dismissed with prejudice by 4/19/2013.

                                      **IT IS SO ORDERED.**

                                                            _____/s/_____  
                                                            **Hon. Vanessa L. Bryant**  
                                                            **United States District Judge**

**Dated at Hartford, Connecticut: April 5, 2013**