UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL GROSS, Plaintiff, : | |
| : | |
| CAROLYN DEE KING IN HER CAPACITY : | |
| AS ADMINISTRATRIX OF THE ESTATE : | CIVIL ACTION NO. |
| OF DANIEL GROSS, Plaintiff : | 3:06-CV-01703-VLB |
| v. : | |
| : | |
| KATHLEEN DONOVAN, JONATHAN : | |
| NEWMAN, GROVE MANOR NURSING : | March 24, 2014 |
| HOME, Defendants. : | |

## MEMORANDUM OF DECISION DENYING DEFENDANT DONOVAN'S MOTION TO STRIKE [DKT. 161]

### I.   Background

Before the court is the Motion to Strike filed by the Defendant Kathleen Donovan (herein the "Defendant") seeking an order striking Plaintiff's Amended Complaint filed on April 19, 2013 [Dkt. No. 153].  By order dated October 22, 2012, this Court gave Plaintiff, Carolyn Dee King ("Plaintiff"), as administratrix of the estate of Daniel Gross ("Gross"), leave to amend her complaint by November 12, 2012 [Dkt. No. 136]. By motion dated November 12, 2012 the Plaintiff sought leave to amend her complaint and attached as an exhibit thereto the proposed complaint. [Dkt. No. 139]. The proposed Second Amended Complaint included statutory claims that the court had dismissed with prejudice. *Id.*  The defendant Grove Manor Nursing Home, Inc. filed a timely objection to the proposed Second Amended Complaint.  After considering all objections, this Court granted Plaintiff leave to file a proposed complaint, provided that it did not include the statutory

claims that were previously dismissed with prejudice. [Dkt. 150 at 2]. Thereafter the Plaintiff filed a Second Amended Complaint omitting the statutory claims that were previously dismissed with prejudice, but adding three paragraphs, 146, 147, and 148 to her claim for breach of fiduciary duty by the [Dkt. 153].

Defendant asserts that these paragraphs should be stricken for two reasons. First Defendant argues that the second Amended Complaint was procedurally improper and in violation of Rule 15 of the Federal Rules of Civil Procedure because it included allegations not in the proposed complaint, which deprived Defendant of her opportunity to object. [Dkt. 161, at 7-8]. Second, the Defendant argues that paragraphs 146, 147, and 148 assert an additional theory of liability under breach of fiduciary duty not in the proposed complaint. *Id.* at 5-6. Both arguments are unavailing because paragraphs 146, 147, and 148 make factual allegations that are substantively the same as those in the proposed complaint, thus there is no material difference between the proposed complaint and the Second Amended Complaint.

II. **Legal Standard**

A trial court is entrusted with significant discretion to grant or deny a motion to strike. *Hollander v. Amer. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated on other grounds*, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Such motions are generally disfavored. *See Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013).

It is within each trial court's discretion to grant a party leave to amend, and the court "should freely give leave when justice so requires." *See* Fed. R. Civ. P.

15(a)(2). Reasons to deny such leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981) (citations omitted). "The objective served by freely allowing amendments is to enable a party 'to assert matters that were overlooked or were unknown . . . at the time . . . [of the] original complaint or answer.'" *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.,* 570 F. Supp. 2d 376, 383 (D. Conn. 2008) (quoting *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir.1985)). "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *H.L. Hayden Co. v. Siemens Medical Systems, Inc.,* 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (citations omitted). A proposed amendment is especially prejudicial when discovery has already been completed and the non-movant has already filed a motion for summary judgment. *See Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985). A complaint may even be amended after the close of evidence to conform to the facts adduced at trial when doing so will aid in presenting the merits and would not prejudice the defendant's action or defense on the merits as oppose to the procedure. Fed. R. Civ. P. 15(b).

III.    Discussion

Paragraph 146 states "Donovan received compensation for performing the role of conservator," and paragraph 147 states "Donovan's compensation was paid out of assets belonging to Mr. Gross." [Dkt. 153]. The allegations in these two paragraphs are well established in the proposed complaint, which states "Defendant Donovan completed a 'request for funds' seeking to draw $35,295.83 from Gross's reverse annuity account," and that $27,728.25 of it was to be used to pay Defendant's fiduciary fees. [Dkt. 139-1, ¶¶ 103–06].

Paragraph 148 of the Second Amended Complaint states that Defendant's actions as fiduciary were "taken to advance her own financial interests to the detriment of Mr. Gross." [Dkt. 153]. This allegation is substantively the same as allegations in the proposed complaint. For example, the proposed complaint alleges that Defendant placed Gross in a locked ward of a nursing home, and deprived him of his opportunity to request a hearing on his placement in the locked ward. [Dkt. 139-1, ¶¶ 54, 57]. The proposed complaint also alleges that Defendant conspired and colluded to prevent Gross from interacting with attorneys other than the one appointed to him, *id.* ¶¶ 58, 71, 111; prevented attorneys from Connecticut Legal Rights Project from meeting with Gross, *id.* ¶¶ 99, 100; prohibited Gross's interactions with his family outside the nursing home, screened his mail, and monitored his calls and visits in the nursing home. *Id.* ¶¶ 58, 112, 147; and that Defendant drew money from Gross's reverse mortgage to, in part, pay for her fiduciary fees, *id.* ¶ 105. The proposed complaint sufficiently alleged that as Gross's appointed conservator, Defendant was a fiduciary who had a self-interest in preventing Gross's communications with other attorneys

and his family. The Court finds that the Second Amended Complaint does not contain any new theories of liability that were not implicitly in the proposed complaint.  In addition, as the pleadings have not been closed, discovery has not been completed and trial is not imminent, the valid procedural objection raised by the Defendants does not trump the policy of freely allowing amendment to facilitate a full and final disposition of the issues arising out of the subject of the litigation.

IV.   Conclusion

For the foregoing reasons Defendant's Motion to Strike is DENIED. IT IS SO ORDERED this 24th day of March 2014.

_____/s/_____
Vanessa L. Bryant
United States District Judge